Schiefer Electric Co., Inc. v. Commissioner.
Schiefer Elec. Co. v. Commissioner
Docket No. 7480.
United States Tax Court
1946 Tax Ct. Memo LEXIS 137; 5 T.C.M. (CCH) 603; T.C.M. (RIA) 46167; July 18, 1946
*137 Byron A. Johnson, Esq., 45 Exchange St., Rochester 4, N.Y., for the petitioner. J. Frost Walker, Jr., Esq., for the respondent. MURDOCK
Memorandum Findings of Fact MURDOCK, Judge: The Commissioner determined deficiencies for 1941 as follows: Income tax
$ 528.83
Declared value excess profits tax
198.03
Excess profits tax
1,615.14
The only issue for decision is whether the Commissioner erred in disallowing $4,302.40 of the compensation paid to the petitioner's president. Findings of Fact The petitioner is a corporation. Its returns for 1941 were filed with the collector of internal revenue for the 28th district of New York. The Commissioner, in determining the deficiency, disallowed $4,302.40 of the total deduction of $19,302.40 claimed on the return for compensation paid to H. J. Schiefer, its president, treasurer and general manager. The Commissioner explained that $15,000 was reasonable compensation for Schiefer for 1941. Schiefer received $7,800 as salary for the years 1936 through 1939 and $9,600 for 1940. He also received small bonuses for some of those years. The sales for 1941 were almost double those for 1940. The total income *138 for 1941 was about $87,000 as compared to about $48,000 for 1940. Net income, after deducting salaries but before taxes, was about $3,900 for 1940 and about $11,500 for 1941. Schiefer's salary for 1941 was $13,200 and was authorized by the Board of Directors. He was also paid a bonus of $6,102.40 which was authorized by the Board of Directors pursuant to a uniform bonus plan for all employees adopted in 1936. $19,302.40 was reasonable compensation for personal services actually rendered by H. J. Schiefer to the petitioner in 1941. The outstanding stock of the petitioner was owned as follows in 1941: H. J. Schiefer
110
His wife
25
His daughter
80
Unrelated person
2
217
The business of the petitioner consisted mainly of personal service furnished by Schiefer. The petitioner had no stock of goods on hand. It earned most of its income through commissions. Schiefer was the only qualified electrical engineer with the company. He investigated a prospect's business to see what he could supply to improve it, suggested equipment to be used, and checked and supervised all specifications used. He was wholly or largely responsible for all sales although other were *139 given credit for many sales. One salesman earned over $14,000 from commissions and a small bonus in 1941. Schiefer was the sole executive officer. He supervised all activities of the company and was personally responsible for most of the success of the company. Decision will be entered under Rule 50.